IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LARRY T. ZGURO, | : | |
| Plaintiff | : | |
| | : | No. 1:21-cv-00898 |
| v. | : | |
| | : | (Judge Rambo) |
| THEODORE W. JOHNSON, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

Plaintiff Larry T. Zguro, an inmate at the Dauphin County Prison in Harrisburg, Pennsylvania, filed this civil action pursuant to 42 U.S.C. § 1983 alleging that he was wrongfully incarcerated past his maximum sentence date. (Doc. 1.) He names as defendants Theodore W. Johnson, the commissioner of the Pennsylvania Board of Probation and Parole (the "Board"), Thomas McGinley, the Superintendent of SCI Coal Township, and Trisha Kelley, the Superintendent's Assistant at SCI Coal Township. (*Id.* at 2.) An initial screening of the complaint has been conducted and, for the reasons set forth below, the Court will dismiss the complaint with prejudice as untimely.[1]

I. **BACKGROUND**

On August 11, 2006, Plaintiff entered into a plea agreement with the Dauphin County District Attorney's Office and which was accepted by the Court of Common

---

[1] Plaintiff has also filed a motion for leave to proceed *in forma pauperis*, which the Court will grant. (Doc. 6.)

1

Pleas of Dauphin County. (Doc. 1 at 3.) Under the agreement, Plaintiff was to receive 4 to 23 months of confinement and thirty-six months of probation on count one, a consecutive 36 months of probation on count two, and a consecutive 36 months of probation on count three. (*Id.*) According to Plaintiff, if he violated probation, he could be resentenced to confinement in a state correctional institution. (*Id.*)

On December 18, 2013, Plaintiff violated his probation and was confined at the county prison while he awaited his revocation hearing. (*Id.*) At his revocation hearing, Plaintiff was resentenced to 18 to 36 months' confinement with 5 months and 5 days credit on count one, 36 months of probation on count two, and 36 months of probation on count three. (*Id.*)

Plaintiff was given three parole hearings on March 31, 2016, November 9, 2016, and April 21, 2017, and was denied parole each time. (*Id.* at 4.)

On August 3, 2017, while Plaintiff was incarcerated at the State Correctional Institution at Coal Township, Plaintiff was given a notice of board decision from the Board stating that his maximum sentence date was February 28, 2017, and he was released that day. (*Id.*) Plaintiff attaches to his complaint the notice that he received from the Board. (*Id.* at 6.) Plaintiff alleges that he was wrongfully incarcerated for 7 months and 16 days past his maximum sentence date, which Plaintiff describes as a breach of contract. (*Id.* at 5.)

## II.     STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff is incarcerated. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding *in forma pauperis* and is also incarcerated.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the

complaint as true and draw all reasonable inferences in the plaintiff's favor." *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).

## III. DISCUSSION

Plaintiff has brought his claim pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The statute of limitations for an action brought pursuant to § 1983 in Pennsylvania is two years. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). When a cause of action accrues and thus the statute of limitations starts to run "'when the plaintiff knew or should have known of the injury upon which [his] action is based.'" *Id.* at 634 (quoted cases omitted). Plaintiff knew he may have been wrongfully incarcerated past his maximum sentence date when he received the Board's notification on August 3, 2017. The statute of limitations for any claim Plaintiff may have had expired on or about August 3, 2019. Plaintiff, however, did not file this civil action until May 17, 2021. Plaintiff's claim is thus time barred and must be dismissed.

4

The Court notes that Plaintiff describes his prolonged incarceration as a "breach of contract." There is no diversity of citizenship between the parties, and, to the extent that Plaintiff intends to allege a state law breach of contract claim, the Court declines to exercise supplemental jurisdiction over it. *See Chernavsky v. Twp. of Holmdel Police Dep't*, 136 F. App'x 507, 511 (3d Cir. 2005) ("It is well established that in an action with both federal and state claims, 'if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.'").

Generally, "plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Amendment would be futile as Plaintiff's claim is untimely.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's application for leave to proceed *in forma pauperis* and dismiss the complaint. An appropriate Order follows.

S/Sylvia H. Rambo
United States District Judge

Dated: June 28, 2021